IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD AARON LEE,             :    CIVIL ACTION
                              :    NO. 02-1837
          Petitioner,         :
                              :    CRIMINAL ACTION
     v.                       :    NO. 99-0356
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                        AUGUST 15, 2005


          Petitioner Edward Aaron Lee ("Petitioner") filed the
instant motion to vacate, set aside, or correct his sentence,
pursuant to 28 U.S.C. § 2255 (doc. nos. 46 and 49).  For the
following reasons, this motion will be denied in part.


I.   BACKGROUND

          On June 29, 1999, a grand jury charged Petitioner with
two counts of possession of a firearm by a convicted felon, in
violation of 18 U.S.C. § 922(g)(1) (doc. no. 4).  Petitioner pled
guilty to the first count (doc. no. 27), and the Court dismissed
the second count (doc. no. 43).  On February 4, 2000, the Court
sentenced Petitioner to 188 months of incarceration, five years
of supervised release following incarceration, a fine of $1,000,
and a special assessment of $100.  As a result of the Armed
Career Criminal Act, 18 U.S.C. § 924(e), the Court enhanced

Petitioner's sentence based on three prior state convictions, which were considered either "serious drug offenses" or "violent felonies" under the statute.[1]  Before the federal sentencing hearing, Petitioner wrote a letter to the Court requesting that his three prior state convictions be considered as a single offense.[2]  (Sentencing Hr'g Tr., 02/04/2000, doc. no. 45, at 3-4.)  At the sentencing, the Court considered Petitioner's request as an objection to the presentence investigation report ("PSI"), and overruled the objection.  (Sentencing Hr'g Tr., 02/04/2000, doc. no. 45, at 4.)  The Court entered judgment on February 7, 2000 (doc. no. 42), and Petitioner did not appeal.

Petitioner now alleges that his sentence was improperly enhanced based on prior state convictions that were "un-counseled" and "invalid," and that his attorney for the federal sentencing was ineffective for failing to object to the use of these prior state convictions for enhancement purposes and for failing to appeal the sentence.  The Court finds that Petitioner's claims concerning "invalid" prior state convictions

---

[1]      According to the guilty plea agreement (doc. no. 26), which Petitioner signed on September 30, 1999, "Defendant understands he is free to litigate the applicability of these [prior state] convictions at the time of [federal] sentencing." (Guilty Plea Agreement, doc. no. 26, at 7.)

[2]      Although represented by counsel at the federal sentencing, Petitioner drafted the letter to the Court without the aid of his attorney.  (Sentencing Hr'g Tr., 02/04/2000, doc. no. 45, at 4.)

and ineffective assistance of counsel at federal sentencing are unavailing because each is time-barred and equitable tolling does not apply.  However, the Court cannot make a determination, on the present record, as to whether Petitioner's prior state convictions were "un-counseled."  Accordingly, the Court will deny, only in part, Petitioner's motion to vacate, set aside, or to correct his sentence.

II.  DISCUSSION

    A.   <u>Statute of Limitations under 28 U.S.C. § 2255</u>

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for the filing of a habeas petition under 28 U.S.C. § 2255.  In relevant part, Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right

3

has been newly recognized by the
Supreme Court and made
retroactively applicable to cases
on collateral review; or

(4) the date on which the facts
supporting the claim or claims presented
could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2255.

Here, the statute of limitations began to run when
Petitioner's conviction was final.  Id. § 2255(1).  Petitioner
has not asserted, nor does the record reflect, that the statute
of limitations should have run from any other date under 28
U.S.C. § 2255.  As the Third Circuit recognized in Kapral v.
United States, 166 F.3d 565 (3d Cir. 1999),

a "judgment of conviction becomes
final" within the meaning of §
2255[1] on the later of (1) the
date on which the Supreme Court
affirms the conviction and sentence
on the merits or denies the
defendant's timely filed petition
for certiorari, or (2) the date on
which the defendant's time for
filing a timely petition for
certiorari review expires.  If a
defendant does not pursue a timely
direct appeal to the court of
appeals, his or her conviction and
sentence become final, and the
statute of limitation begins to
run, on the date on which the time
for filing such an appeal expired.

Id. at 577.

In the instant case, the Court entered final judgment
against Petitioner on February 7, 2000 (doc. no. 42).  Because

4

Petitioner did not pursue a direct appeal, his conviction was final on the date on which the time for filing such an appeal expired.  Id.  Under Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had ten days after final judgment to file a notice of appeal.  Therefore, Petitioner's conviction became final on February 17, 2000, i.e., ten days after final judgment was entered.  See United States v. Gaither, No. Civ. A. 01-3302, No. Crim. A. 99-004-1, 2005 WL 1793527, at *2 (E.D. Pa. July 27, 2005) ("If no timely appeal is taken [to the Court of Appeals], as in the present case, then the judgment is final ten days after the entry of judgment on the court's docket.").  Additionally, Petitioner did not request an extension of time to file a notice of appeal.  See Fed. R. App. P. 4(b)(4).

        Petitioner filed the instant motion to vacate, set aside, or correct his sentence, pursuant to 29 U.S.C. § 2255, on April 3, 2002, which was more than two years after his conviction became final.  The latest date on which Petitioner could have filed a timely habeas petition would have been February 17, 2001.  Accordingly, Petitioner's habeas petition was untimely filed.


        B.   Equitable Tolling

        Petitioner implicitly tries to resuscitate his habeas petition through equitable tolling.  Although the statute of limitations under the AEDPA is subject to equitable tolling,

5

Petitioner has not met the stringent requirements for such a
course on all of his claims.  See generally Miller v. N.J. State
Dep't of Corrs., 145 F.3d 616, 618, 619 n.1 (3d Cir. 1998)
(finding that the one-year period of limitation under the AEDPA
functions as a statute of limitations, and therefore is subject
to equitable tolling).  As the Third Circuit determined in
Miller,

> equitable tolling is proper only
> when the "principles of equity
> would make [the] rigid application
> [of a limitation period] unfair."
> Generally, this will occur when the
> petitioner has "in some
> extraordinary way . . . been
> prevented from asserting his or her
> rights."  The petitioner must show
> that he or she "exercised
> reasonable diligence in
> investigating and bringing [the]
> claims."  Mere excusable neglect is
> not sufficient.

Id. at 618-19 (emphasis added) (alteration in original)
(citations omitted); see also Stanley v. McKune, 133 Fed. App'x
479, 480 (10th Cir. 2005) ("But equitable tolling is appropriate
'only in rare and exceptional circumstances,' such as 'when a
prisoner is actually innocent,' or 'when an adversary's conduct--
or other uncontrollable circumstances--prevents a prisoner from
timely filing, or when a prisoner actively pursues judicial
remedies but files a defective pleading during the statutory
period.'") (citing Gibson v. Klinger, 232 F.3d 799, 808 (10th
Cir. 2000)); Raynor v. Dufrain, 28 F. Supp. 2d 896, 900 (S.D.N.Y.

1998) ("Equitable tolling is warranted when some event effectively prohibits the petitioner from pursuing habeas, such as the misplacement of files, or being denied access to materials necessary to file a habeas petition.").

Before delving into Petitioner's arguments, the Court notes that Petitioner has neither alleged any extraordinary circumstances that would have prevented him from asserting his right nor has he shown any exercise of "reasonable diligence" in investigating and bringing his claims, as required under <u>Miller</u>. As such, Petitioner has failed to meet these equitable tolling requisites.

First, Petitioner avers that his federal sentence was "defectively enhanced based upon 'un-counseled' prior [state] convictions." (Pet'r Mem. of Law in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence at 2.) Relying on <u>Daniels v. United States</u>, 532 U.S. 374 (2001), Petitioner argues that he was unaware of his right to appeal or his right to counsel in appealing his state convictions, and therefore these "un-counseled" convictions are void and should not have been considered by the Court to enhance his federal sentence.

In <u>Daniels</u>, the Supreme Court determined that, as a general rule, after a federal sentencing proceeding has concluded, the defendant may <u>not</u> "challenge his federal sentence through a motion under 28 U.S.C. § 2255 . . . on the ground that

7

his prior convictions were unconstitutionally obtained." <u>Id.</u> at
376.  More specifically,

> [i]f . . . a prior conviction used
> to enhance a federal sentence is no
> longer open to direct or collateral
> attack in its own right because the
> defendant failed to pursue those
> remedies while they were available
> (or because the defendant did so
> unsuccessfully), then that
> defendant is without recourse.  The
> presumption of validity that
> attached to the prior conviction at
> the time of sentencing is
> conclusive, and the defendant may
> not collaterally attack his prior
> conviction through a motion under
> § 2255.  A defendant may challenge
> a prior conviction as the product
> of a <u>Gideon [v. Wainwright</u>, 372
> U.S. 335 (1963),] violation in a
> § 2255 motion, but generally only
> if he raised that claim at his
> federal sentencing proceeding.

<u>Id.</u> at 382 (citations omitted).  For the <u>Gideon</u> exception to
apply, there must have been a failure to appoint counsel in
violation of the Sixth Amendment.  <u>Lackawanna County Dist.</u>
<u>Attorney v. Coss</u>, 532 U.S. 394, 403-04 (2001).  As the United
States Supreme Court reiterated in <u>Pennsylvania v. Finley</u>, 481
U.S. 551 (1987), "[o]ur cases establish that the right to
appointed counsel extends to the first appeal of right, and no
further.  Thus, we have rejected suggestions that we establish a
right to counsel on discretionary appeals." <u>Id.</u> at 555.

        In the instant case, Petitioner has not alleged that he
was unrepresented in his state cases.  Quite the contrary,

Petitioner admits that he was represented by counsel at certain stages of the state proceedings, such as when he entered his guilty pleas and at sentencing.  Petitioner alleges, however, that he was unaware he had the right to appeal and that "the judge(s) failed to inform [him] on the record that [he] had a right to 'assistance' of counsel to be appointed for appeal." (Pet'r Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence, Pet'r Aff., at 3.)

        The <u>Gideon</u> exception for equitable tolling only applies to the right to counsel.  Therefore, Petitioner's allegations that he was uninformed of his right to appeal does not meet the equitable tolling requirements set forth in <u>Daniels</u>.  As for the claim that Petitioner was not advised by the state court of his right to counsel on appeal, this Court cannot make this determination without further development of the record. Accordingly, the Court will allow for discovery to determine whether Petitioner was advised of his right to counsel on appeal during his state proceedings.[3]

_____

        [3]     Petitioner may have procedurally defaulted by not raising a <u>Gideon</u> claim concerning his prior state convictions at the federal sentencing.  <u>Daniels</u>, 532 U.S. at 382 (stating that "[a] defendant may challenge a prior conviction as the product of a <u>Gideon</u> violation in a § 2255 motion, but <u>generally</u> only if he raised that claim at his federal sentencing proceeding.") (emphasis added).  This issue will need to be addressed by the parties in their submissions to the Court after discovery has been completed.

Second, Petitioner argues that his federal sentence is
"defectively enhanced based upon 'invalid' prior [state]
convictions."  (Pet'r Mem. of Law in Supp. of Mot. to Vacate, Set
Aside, or Correct Sentence at 4.)  Petitioner claims that he did
not understand his constitutional rights--specifically, his right
to a jury trial, his right to confront his accusers, and his
right against self-incrimination--when he pled guilty to certain
state crimes, which is contrary to the principles set forth in
Boykin v. Alabama, 395 U.S. 238 (1969).

Under the teachings of Daniels, Petitioner's claim does
not meet the stringent requirements of equitable tolling.  Simply
put, "[t]he presumption of validity that attached to the prior
conviction at the time of sentencing is conclusive, and the
defendant may not collaterally attack his prior conviction
through a motion under  § 2255."  Daniels, 532 U.S. at 382.
Accordingly, equitable tolling of the statute of limitations is
not justified because of Petitioner's alleged "invalid" prior
state convictions.

Finally, Petitioner claims that he was denied effective
assistance of counsel at his federal sentencing because his
attorney failed to object to the "un-counseled" and "invalid"
prior state convictions that the Court used to enhance his
sentence.  Additionally, Petitioner alleges that his attorney

10

failed to appeal his federal sentence, which Petitioner claims he instructed his attorney to do.

Petitioner's claim of ineffective assistance of counsel in his federal sentencing does not fall within the <u>Gideon</u> exception.  Petitioner also has failed to demonstrate that he exercised reasonable diligence in investigating and bringing his habeas petition, despite his attorney's alleged failure to file an appeal.  <u>Brown v. United States</u>, 20 Fed. App'x 373, 375 (6th Cir. 2001) ("[T]o the extent [the habeas petitioner] claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [for equitable tolling] because [the petitioner] failed in his duty to monitor the status of his appeal.") (citation omitted); <u>see also</u> <u>United States v. Bruce</u>, No. Civ. A. 01-211, No. CR. A. 99-045-02, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002) ("A statute of limitations should only be tolled in rare situations.  Courts have concluded that an attorney's failure to file a notice of appeal does not constitute the type of extraordinary or rare circumstances making it impossible for a defendant to timely file his or her Section 2255 Petition.") (citations omitted).  Hence, equitable tolling of the statute of limitations is not warranted because of Petitioner's claim of ineffective assistance of counsel in his federal case.

III. CONCLUSION

        For the foregoing reasons, the Petitioner's motion to
vacate, set aside, or correct his sentence will be denied in
part.  Judgment as to whether Petitioner's prior state
convictions were "un-counseled" will be reserved until discovery
has been completed.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
EDWARD AARON LEE,              :      CIVIL ACTION
                               :      NO. 02-1837
            Petitioner,        :
                               :      CRIMINAL ACTION
        v.                     :      NO. 99-0356
                               :
UNITED STATES OF AMERICA,      :
                               :
            Respondent.        :
```

## O R D E R

**AND NOW**, this **15th** day of **August, 2005,** upon consideration of Petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (doc. nos. 46 and 49), the Government's response (doc. no. 53), and Petitioner's traverse (doc. no. 54), it is **ORDERED** that the petition is **DENIED in part.**  All of Petitioner's claims, except for his "un-counseled" prior state convictions claim, are **DISMISSED as untimely.**

**IT IS FURTHER ORDERED** that all discovery, including the deposition of Petitioner, shall be completed no later than **November 14, 2005.**  This discovery is limited to the issue of whether Petitioner's prior state convictions were "un-counseled."

**IT IS FURTHER ORDERED** that, after the completion of discovery, the parties may file additional submissions to the Court, concerning the pending motion to vacate, set aside, or

correct the sentence (doc. nos. 46 and 49), no later than
**December 14, 2005.**

   **AND IT IS SO ORDERED.**

            _____
           **EDUARDO C. ROBRENO, J.**